__ FILED        ___ LODGED
___ RECEIVED    ___ COPY

JUN 0 9 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West

Criminal Case No. 11-MJ-00123-DLW

**UNITED STATES OF AMERICA,**

Plaintiff,

v.

**1. JASON YAZZIE WEBB,**

Defendant.

---

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS FOR ORDER OF DETENTION

---

**THIS MATTER** came before the Court for an identity and detention hearing on June 2, 2011 based upon a Petition on Violation of Supervised Release out of the District of Arizona. The Defendant was arrested in the District of Colorado on or about May 27, 2011. Present were the following: Todd Norvell, Assistant United States Attorney, Steven Wells, counsel for the Defendant, and the Defendant. Also present was Erika Coster, Probation/Pretrial Services Officer. The Court heard testimony presented by the Government and reviewed the information furnished by the Probation Officer. The Defendant presented no testimony, evidence or argument.

Rule 5(c)(2)(A) of the Federal Rules of Criminal Procedure provides that if a person is arrested in a district other than the district in which the alleged offense was committed, that person shall be taken without unnecessary delay before the nearest federal Magistrate Judge. At the conclusion of a preliminary hearing, or if the Defendant elects to waive an immediate preliminary hearing, the judicial officer shall direct that the Defendant be held to answer in the district where the prosecution is pending. The Court notes that the Bail Reform Act of 1984 uniformly has been applied to commitment procedures under Rule 40, *see, e.g., United States v. Montalvo-Murillo*, 876 F.2d 826 (10th Cir. 1989), *overruled on other grounds*, 110 S. Ct. 2072 (1990), which procedures were incorporated into Fed. R. Crim. P. 5 in 2002.

In order to sustain a motion for detention, the Government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the Defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

Under Rule 32.1, the Court "may release or detain the [Defendant] under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant].

The Bail Reform Act, 18 U.S.C. §3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In this case, the Government has moved for detention. In making my findings of fact, I have considered the testimony of the Government's witness regarding the issues of identity and detention and the information contained in the Petition on Supervised Release out of the District of Arizona. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, probable cause was established that the Defendant was the person identified in the Petition on Violation of Supervised Release and Warrant for Arrest out of the District of Arizona.

Second, no testimony or evidence was presented on behalf of the Defendant. Under the circumstances I find that the Defendant has not sustained his burden of establishing that he will not flee or fail to appear at future proceedings in this matter. In particular, I note that the Defendant's record shows prior failures to appear, violation of bond conditions, failures to contact his Probation Officer and he is alleged to have absconded from supervision in the District of Arizona and was arrested in the District of Colorado.

After considering all of these factors, I find that the Defendant has not rebutted the statutory

presumption that no condition or combination of conditions will reasonably assure the appearance of the person.

As a result, I find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant.

**IT IS HEREBY ORDERED** that the Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

**IT IS FURTHER ORDERED** that the Defendant shall be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of transporting the Defendant back to District of Arizona for further proceedings in that District.

The Defendant will be notified of his next Court appearance.

**DATED: June 7, 2011.**

BY THE COURT:

s/David L. West
**United States Magistrate Judge**

3